WITSCHI *v.* WITSCHI.

1. DIVORCE—TENANTS BY ENTIRETIES—TENANTS IN COMMON.
Purpose of 3 Comp. Laws 1929, § 12767, providing that husband and wife owning real estate as tenants by entireties shall, upon being divorced, become tenants in common of such property unless ownership thereof is otherwise determined by divorce decree, is to provide for disposition of such property when court omits to make award thereof in decree in duly instituted divorce proceeding.

2. SAME—EFFECT OF LIFE SENTENCE OF SPOUSE ON PROPERTY OWNED
   BY ENTIRETIES.

    Conviction and sentence of wife to prison for life did not auto-
        matically operate as absolute divorce so as to render husband
        and wife tenants in common of property formerly held by
        them as tenants by entireties, but husband is entitled to insti-
        tute divorce proceeding and have such property awarded to
        him in divorce decree (3 Comp. Laws 1929, §§ 12727, 12767).

Appeal from Wayne; Robertson (William), J., presiding. Submitted November 1, 1932. (Docket No. 41, Calendar No. 36,690.) Decided January 3, 1933.

Bill by Godfrey Witschi against Caroline Rose Witschi for absolute divorce. Bill dismissed. Plaintiff appeals. Reversed.

*Tinkham & Snyder,* for plaintiff.

*John A. Baxter,* for defendant.

BUTZEL, J. On February 24, 1923, plaintiff Godfrey Witschi, a widower, age 55, and a resident of the village of Wayne, Wayne county, married Caroline Rose Witschi, defendant, who was 20 years his junior and had been married twice before. Plaintiff was a laborer who, previous to his marriage to defendant, had acquired three lots in the village of Wayne. On one of these lots was a modest house in which the parties took their abode. Plaintiff claimed that his wife, by means of duress, consisting of constant nagging and threats to do him bodily harm, finally compelled him to transfer the title to the property to a third party who deeded it to plaintiff and defendant as tenants by the entireties on October 11, 1927. In June of the following year, defendant was convicted of murder in the second

degree and sentenced to life imprisonment in the Detroit house of correction, where she is now confined.

In 1931, plaintiff filed a bill for absolute divorce, in which he set forth defendant's conviction and sentence. Alleging that he had been divested of his sole ownership of the property through duress, he also asked that the title be revested in him alone and that he be granted such further relief as might be equitable. Defendant denied duress, claimed that she had some money when she married plaintiff, and that she had contributed at times to the support of the home by doing housework for others. At the hearing, she also showed that, under a deed from plaintiff, she held the property in her own name for a short time after the marriage, but that she subsequently deeded it back to him.

We are not at all impressed with the claim of duress made by plaintiff. Nevertheless, plaintiff is entitled to a decree of divorce by a competent court of record and should be awarded a return of the property belonging to him prior to his marriage to defendant. The trial judge conceded that this would be in accordance with equity, but held that he was constrained to dismiss the bill on account of the law as set forth in 3 Comp. Laws 1929, §§ 12727, 12767. Section 12727, *supra,* is as follows:

"When either party shall be sentenced to imprisonment for life in any prison, jail, or house of correction, the marriage shall be thereby absolutely dissolved, without any decree of divorce or other legal process, and no pardon granted to the party so sentenced shall restore such party to his or her conjugal rights."

Section 12767, *supra,* provides as follows:

"Every husband and wife owning real estate as joint tenants or as tenants by entireties shall, upon

being divorced, become tenants in common of such real estate, unless the ownership thereof is otherwise determined by the decree of divorce.''

Defendant claims that her sentence to life imprisonment automatically operated as an absolute divorce and that thereupon the tenancy by the entireties became one of tenancy in common by virtue of section 12767, *supra.* We shall pass the question of the constitutionality of section 12727, *supra,* as being violative of article 5, § 32, of the State Constitution, as it has not been properly raised or briefed. In another jurisdiction, it has been held not to be violative of the constitutional prohibition against legislative divorces. *State* v. *Duket,* 90 Wis. 272 (63 N. W. 83, 31 L. R. A. 515, 48 Am. St. Rep. 928). But, by defendant's reasoning, plaintiff, who had solely contributed the real estate, the result of his life's savings, would, as a tenant in common, become owner of only a one-half interest in the property, which might be sold in partition proceedings. Plaintiff, without any fault on his part, might thus lose the home he may have provided for his old age. It would further follow that if a man of means, convicted of a felony, was sentenced to life imprisonment, his innocent wife would be automatically divorced and could not, therefore, bring divorce proceedings to insure a permanent record of the divorce or secure a share in his property, because of the operation of section 12767. Such a construction of the law would be harsh and inequitable and would work to the injury of the party whom the law is intended to protect. Section 12767, *supra,* in no way deprives the innocent party from obtaining a divorce in a competent court of record and securing property rights and alimony. The statute, as far as it relates to property rights, is solely for the purpose of providing for the disposition of property

owned by the entireties when a court of chancery omits in its decree to make an award of such property in a duly instituted divorce proceeding. To apply the statute when there has been no such proceeding would be to read something into the statute and to foreclose an innocent spouse from having his or her rights determined, a result obviously contrary to the legislative intent.

The decree of the lower court is reversed, and one may be entered granting plaintiff an absolute divorce of record and awarding him sole ownership of the real estate described. He will recover costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.